# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**                               **CRIMINAL ACTION**

**VERSUS**                                                           **No. 10-154**

**DAVID WARREN ET AL.**                                          **SECTION I**

## ORDER AND REASONS

Before the Court is a motion[1] filed by defendant, David Warren ("Warren"), to dismiss both counts of the second superseding indictment ("indictment") pursuant to the Double Jeopardy Clause, the Grand Jury Clause, and the Due Process Clause of the 5th Amendment to the U.S. Constitution. The government has filed an opposition[2] and Warren has replied.[3] For the following reasons, the motion is **DENIED**.

### *BACKGROUND*

Count 1 of the indictment charges Warren with deprivation of a constitutional right under color of law and through the use of force in violation of 18 U.S.C. § 242. Count 2 charges him with use of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. §§ 924(c) and 924(j). A jury found him guilty of both counts, and that conviction has been reversed.

With respect to Count 2, Warren was expressly charged with violating § 924(j)(1), which applies to conduct that constitutes murder. A charge pursuant to § 924(j)(2), manslaughter, was included in the verdict form as a lesser included offense. The jury found Warren's conduct

---

[1] R. Doc. No. 686.
[2] R. Doc. No. 713.
[3] R. Doc. No. 719.

constituted manslaughter pursuant to § 924(j)(2) but not murder pursuant to § 924(j)(1). To be clear, Warren was never charged with manslaughter or murder. Rather, Count 2, using a firearm in furtherance of a crime of violence, incorporated an inquiry as to whether the use of the firearm constituted murder or manslaughter. Warren's motion is largely premised on the implication of the jury's finding that his conduct did not constitute murder in this context. A brief review of the statutes underlying Warren's charges and the elements of the offenses facilitates the analysis of Warren's motion.

## I. Count 1

Count 1 charges Warren with depriving Henry Glover of a constitutional right through the use of force, in violation of 18 U.S.C. § 242.

18 U.S.C. § 242 provides:

> Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person . . . to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States . . . shall be fined under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include . . . an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.

Count 1 states, in substance, that Warren shot Henry Glover without legal justification, willfully depriving him of his constitutional right to be free from the use of unreasonable force, and that the offense involved the use of a dangerous weapon and an attempt to kill, and that the offense resulted in bodily injury to, and the death of, Henry Glover.

The jury was instructed that to find Warren guilty of Count 1 it must find:

> First: that defendant Warren deprived the victim of a right secured by the constitution or laws of the United States by committing one or more acts charged in the indictment;
>
> Second: that defendant Warren acted willfully, that is, that he committed such an act or acts with a bad purpose, intending to deprive Henry Glover of that right;
>
> Third: that defendant Warren acted under color of law; and
>
> Fourth: that bodily injury resulted from defendant Warren's acts or that such acts included the use, attempted use, or threatened use of a dangerous weapon.[4]

Because it found Warren guilty of Count 1, the jury answered additional interrogatories. In these interrogatories, the jury found that the offense involved an intent to kill and resulted in the death of Henry Glover.[5]

## II. Count 2

Count 2 charges Warren with the of use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924.

18 U.S.C. § 924(c)(1)(A) provides:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime –

---

[4]R. Doc. No. 427-5, at 23.
[5]R. Doc. No. 427-4.

. . . .
(iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(j) provides:

A person who, in the course of a violation of subsection (c), causes the death of a person through the use of a firearm, shall--

(1) if the killing is a murder (as defined in section 1111), be punished by death or by imprisonment for any term of years or for life; and

(2) if the killing is manslaughter (as defined in section 1112), be punished as provided in that section.

Count 2 states, in substance, that Warren knowingly carried a firearm during and in relation to, and possessed a firearm in furtherance of, a felony crime of violence, and that in committing this offense Warren caused the death of Henry Glover through the use and discharge of the firearm, and that Glover's death involved circumstances constituting murder as defined in 18 U.S.C. § 1111.

The jury was instructed that to find Warren guilty of Count 2 it must find:

First: That defendant Warren committed the crime alleged in Count 1.
. . . .
Second: That defendant Warren knowingly used or carried a firearm during and in relation to the crime, or knowingly possessed a firearm in furtherance of the crime.[6]

The jury was instructed that, if it found Warren guilty of Count 2, it should also determine whether he had committed murder or manslaughter, which the Court determined was a lesser included offense of murder.[7] The jury found that Warren's actions constituted manslaughter, but not murder, pursuant to 18 U.S.C. § 924(j)(2).

---

[6]R. Doc. No. 427-5, at 32-33.
[7]*Id.* at 33-34.

-4-

## *LAW AND ANALYSIS*

The Fifth Amendment provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." "The Supreme Court has established that issue preclusion, also called collateral estoppel, is 'embodied in the Fifth Amendment guarantee against double jeopardy.'" *United States v. Sarabia*, 661 F.3d 225, 229 (5th Cir. 2011) (quoting *Ashe v. Swenson*, 397 U.S. 436, 445 (1970)). "Issue preclusion means that 'when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.'" *Id.* (quoting *Ashe*, 397 U.S. at 443).

To establish that a retrial would violate the Double Jeopardy Clause, Warren carries the "burden of demonstrating that certain 'facts were 'necessarily decided' in the first trial.'" *Id.* (quotation omitted). The Court should "examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter[s], and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration." *Id.* (quoting *Yeager v. United States*, 557 U.S. 110 (2009)). If Warren demonstrates certain facts were "necessarily determined," the Court must "decide whether the government is attempting to relitigate the same facts" in the second trial. *United States v. Brackett*, 113 F.3d 1396, 1399 (5th Cir. 1997).

There is no dispute that Warren cannot be retried on § 924(j)(1). As the U.S. Court of Appeals for the Fifth Circuit observed,

> The principle of double jeopardy, we note, prevents the government from retrying Warren on 18 U.S.C. § 924(j)(1) – as it is incorporated in the 18 U.S.C. § 924(c) charge – because the jury found that the death of Glover did not constitute murder as defined in 18 U.S.C. § 1111; instead the jury found it constituted manslaughter under 18 U.S.C. § 1112.

*United States v. McRae*, 702 F.3d 806, 828 n. 12 (5th Cir. 2012).

Warren contends, however, that double jeopardy prohibits his retrial altogether because: (1) manslaughter cannot be a lesser included incorporated offense of murder, as relevant to the § 924 charge in Count 2; (2) a manslaughter instruction impermissibly broadens the indictment; and (3) the jury's finding of "not guilty" with respect to Count 2's incorporated murder offense is inconsistent with any finding of guilt as to the § 242 charge in Count 1.

The government responds that manslaughter is a lesser included offense of murder and, even if it were not, the proper remedy is simply to omit the manslaughter instruction.[8] The government additionally argues that, to the extent Warren argues the jury's verdict was inconsistent, such inconsistency does not give rise to a double jeopardy challenge. The government also asserts that double jeopardy does not preclude retrial on a manslaughter theory because the jury's verdict was consistent. That is, the jury's acquittal as to murder in Count 2 (use of a firearm) did not necessarily determine that the shooting was not willful or intentional for purposes of Count 1 (deprivation of a constitutional right).

## I. Manslaughter Instruction

The Court previously denied Warren's post-trial motion in which he argued that a manslaughter instruction improperly broadened the scope of the indictment because manslaughter was not specifically charged in the indictment, was not a proper lesser included offense of murder, and should not be submitted to the jury over his objection.[9] On appeal, the Fifth Circuit did not reach the issue of whether the inclusion of a manslaughter instruction was appropriate. *McRae*, 702 F.3d

---

[8]R. Doc. No. 713, at 2.
[9]R. Doc. No. 454.

at 828 n. 12. On remand, Warren once again contends that manslaughter is not a lesser included offense of murder.[10] Accordingly, he contends that Count 2 must be dismissed because the manslaughter instruction impermissibly broadened the indictment.[11]

The government correctly argues that Warren's position is inconsistent with Fifth Circuit law. In *United States v. Browner*, 889 F.2d 549, 552 (5th Cir. 1989), the Fifth Circuit ruled:

> Voluntary manslaughter is a lesser included offense of murder, *e.g., id.*, although that is less than obvious from the bare language of the statutes. The common-law background clarifies this relationship. As noted above, adequately provoked heat of passion negates malice in an intentional, unjustified killing. Since malice is an element of murder, no murder can occur when a sufficient provocation induces the requisite heat of passion. Thus, the malice element of the traditional offense of murder implicitly forces prosecutors to disprove the existence of adequate provocation when the evidence suggests that it may be present. As a result, conviction for voluntary manslaughter as a lesser included offense on an indictment for murder is not uncommon.

Warren argues, however, that the indictment charged him with felony murder, and manslaughter is not a lesser included offense of felony murder.[12] The government responds that while manslaughter may not be a lesser included offense of felony murder, it "is irrelevant, as Warren was not charged under a felony murder theory."[13]

The Court agrees that Warren was not charged under a felony murder theory, nor is there any indication that the government has ever advanced such a theory.[14] Accordingly, manslaughter is a

---

[10]R. Doc. No. 686, at 1.
[11]R. Doc. No. 686-1, at 5.
[12]*Id.* at 3-4 (citing *United States v. Miguel*, 338 F.3d 995, 1005-06 (9th Cir. 2003)).
[13]R. Doc. No. 713, at 2 n.1.
[14]The Court utilized the Fifth Circuit Pattern Jury Instructions for § 1111 second-degree murder in formulating the jury instructions. R. Doc. No. 427-5. The government proposed this instruction, and Warren did not object. R. Doc. Nos. 295 & 308.

lesser included offense of Warren's murder charge. In any case, the government correctly notes that the proper remedy to any meritorious objection to the manslaughter instruction would be exclusion of the § 924(j)(2) manslaughter instruction, rather than dismissal of the entire § 924 count.

The manslaughter instruction given at the prior trial did not violate the Grand Jury Clause or Warren's due process rights because manslaughter is a lesser included offense of murder, which was expressly incorporated in Count 2 of the indictment. To the extent that Warren premises a double jeopardy argument on the assertion that manslaughter is not a lesser included offense, that double jeopardy argument lacks merit. The Court reserves ruling on jury instructions at this stage.

## II. Consistency of Verdict

In his primary double jeopardy argument, Warren argues that the jury's findings as to intent and willfulness were inconsistent with its finding that his conduct constituted manslaughter rather than murder. The government argues that Warren cannot use the purported inconsistency in the 924(j)(1) acquittal and § 242 conviction to establish collateral estoppel and that the verdict was consistent.

### A. *Powell*

 The Supreme Court's decision in *United States v. Powell*, 469 U.S. 57, 66 (1984), strongly supports the government's position. In *Powell*, the Supreme Court "reject[ed], as imprudent and unworkable, a rule that would allow criminal defendants to challenge inconsistent verdicts on the ground that in their case the verdict was not the product of lenity, but of some error that worked against them." *Id.* The Supreme Court ruled that, where an inconsistent verdict occurs, principles of collateral estoppel "are no longer useful" because they "are predicated on the assumption that the jury acted rationally and found certain facts in reaching its verdict . . . ." *Id.* at 68; *see also Yeager*,

557 U.S. at 124 (quoting *id.*). Accordingly, where a jury's combination of acquittals and convictions require factually inconsistent findings, collateral estoppel does not apply because no one factual finding has been necessarily determined. *Powell*, 469 U.S. at 67.

Warren replies that his case is distinguishable from *Powell* because Count 2 is internally inconsistent and interdependent on Count 1.[15] But the Fifth Circuit has rejected an argument that *Powell* does not apply where a jury makes inconsistent determinations with respect to a single count. *United States v. Agofsky*, 516 F.3d 280, 284 (5th Cir. 2008) (noting that, in *Powell*, the Supreme Court "criticized courts of appeal for carving out various exceptions" to the rule against challenges to inconsistent verdicts). While Warren attempts to distinguish his convictions and acquittal as "interdependent," *Powell* involved a situation in which a jury acquitted the defendant of a predicate offense and convicted him of a compound offense. 469 U.S. at 68. The Court concludes that *Powell* extends to the alleged inconsistencies in Warren's two counts of conviction.

Warren also argues that this case is analogous to *United States v. Harris*, 420 F.3d 467, 477 (5th Cir. 2005), and, because the Fifth Circuit did not apply *Powell* in *Harris*, *Powell* does not apply here. The Court disagrees.

The Fifth Circuit had no occasion to address *Powell* in *Harris* because *Harris* involved a challenge to the sufficiency of the evidence rather than the consistency of the jury's verdict. In *Powell*, the Supreme Court emphasized that "[sufficiency of the evidence] review should not be confused with the problems caused by inconsistent verdicts." 469 U.S. at 67. Given the Supreme

---

[15]R. Doc. Nos. 716-2, at 7; 719, at 6-7.

Court's directive in *Powell*, it is not surprising that the appellant-defendant in *Harris* did not even raise an inconsistent verdict challenge on appeal.[16]

Further, *Harris* and *Powell* are not at odds. In *Harris*, the Fifth Circuit remarked on the jury's potentially inconsistent findings only to note that they confirmed the Fifth Circuit's holding as to the sufficiency of the evidence: "The jury's own special verdict supports our conclusion that the evidence was insufficient to sustain the conviction." *Id.* at 476. The Fifth Circuit did not suggest that any inconsistency in the special verdict would independently require reversal.

### B. Manslaughter & Willfulness

Warren's collateral estoppel and double jeopardy arguments fail on the merits because the jury's verdict was consistent. The jury found that, as to the § 242 count, Warren acted "willfully."[17] The jury found that, as to the § 924(c) incorporated murder charge, Warren was not guilty of murder, which was defined as "an unlawful killing with malice aforethought."[18] Warren was found guilty, however, of manslaughter, which was defined as "an unlawful killing without malice, that is, upon a sudden quarrel or heat of passion."[19]

Warren argues that the jury's convictions were inconsistent, because a killing "without malice" cannot be willful.[20] According to Warren, the jury's acquittal as to the § 924(c) incorporated murder charge, "(i.e. no malice) negates the intent element necessary for conviction on both Count I and Count II."[21] The government asserts that Fifth Circuit precedent forecloses Warren's argument.

---

[16]Br. of Appellant, R. Doc. No. 51499799, Case No. 03-51147 (Feb. 13, 2004).
[17]R. Doc. No. 427-5, at 26.
[18]*Id.* at 34.
[19]*Id.*
[20]R. Doc. No. 686-1, at 9.
[21]*Id.* at 3.

Fifth Circuit caselaw establishes that a finding of manslaughter is consistent with a finding that a defendant acted intentionally or willfully. In *Browner*, the Fifth Circuit defined manslaughter as "an intentional, unjustified killing," which is "nonetheless deemed to be without malice because it occurs in what the courts called 'the heat of passion.'"[22] 889 F.2d at 552; *see also United States v. Serawop*, 410 F.3d 656-66 (10th Cir. 2005) (citing *Browner* approvingly and describing other circuit decisions that define manslaughter to include an intentional or willful killing). In *Harris*, Warren emphasizes, the Fifth Circuit observed that "the jury's finding of voluntary manslaughter rejects the alternate choice of murder in either the first or second degree, both of which encompass by definition an intent to kill." 420 F.3d at 477. Elsewhere in the same opinion, the Fifth Circuit is clear, however, that an "intent to kill" is not the sole distinction between murder and manslaughter, noting that by "classifying [the killing] as voluntary manslaughter, the jury rejected a finding of murder which, according to the instructions, required malice aforethought and included killings accompanied by 'an intent to kill.'" *Id.* at 476; *see also Serawop*, 410 F.3d at 665 ("We agree with the Fifth Circuit . . . . the only difference between second degree murder and voluntary manslaughter in the homicide hierarchy is that voluntary manslaughter is committed in the heat of passion, and the presence of this mitigating factor negates the malice that would otherwise attach given an intentional or reckless mental state.").

Warren's approach,[23] in which the "heat of passion" associated with voluntary manslaughter cannot coexist with willfulness or intent, reflects a "rare minority view" that is inconsistent with Fifth Circuit jurisprudence. *Serawop*, 410 F.3d at 665 n. 6 (describing minority view). The Court

---

[22]The *Browner* court was examining §§ 1111 and 1112, which provide the definitions for murder and manslaughter incorporated in § 924(j).
[23]*E.g.* R. Doc. No. 719, at 9.

concludes that the jury's finding of willfulness as to Count 1 is consistent with a finding of manslaughter as incorporated in Count 2.

## *CONCLUSION*

Warren's argument that manslaughter is not a lesser included offense of murder is unpersuasive on the merits and, even if successful, would not justify dismissal of Count 2. By further arguing that the jury's verdict was inconsistent, Warren has failed to set forth facts that were "necessarily determined" in the first trial, and *Powell* bars Warren's collateral estoppel claim. Moreover, the Court finds that the jury's verdict was consistent because the Fifth Circuit has ruled that manslaughter encompasses a willful or intentional killing. There is no evidence–or even argument–that the government is attempting to "relitigate" the facts underlying the consistent verdict in some inconsistent matter. *See Brackett*, 113 F.3d at 1399.

For the foregoing reasons, and particularly in light of *Powell* and *Browner*, the Court concludes that the motion to dismiss the indictment on double jeopardy grounds is frivolous.[24] Warren's double jeopardy claim is not colorable because it relies on a definition of manslaughter that has been rejected by the Fifth Circuit. *See Sarabia*, 661 F.3d at 229 ("A claim is colorable if there is some possible validity to the claim.") (quotation and modification omitted). Even if Warren's minority definition were adopted by the Fifth Circuit, his double jeopardy argument would be barred by *Powell.*

Accordingly,

---

[24]The Court notes that neither party has mentioned the possibility of interlocutory review. *See United States v. Dunbar*, 611 F.2d 985, 988 (5th Cir. 1980) (en banc) ("Henceforth, the district courts, in any denial of a double jeopardy motion, should make written findings determining whether the motion is frivolous or nonfrivolous.").

**IT IS ORDERED** that the motion to dismiss the indictment is **DENIED**.

**IT IS FURTHER ORDERED** that the Court reserves ruling on whether to include a manslaughter instruction because the parties have not yet been given an opportunity to brief issues related to jury instructions.

New Orleans, Louisiana, May 10, 2013.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**